**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **DERRICK BERNARD JACKSON,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-333 (MTT)** |
| | ) | |
| **JUDGE ALISON BURLESON, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

After screening Derrick Jackson's complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Alfreda L. Sheppard recommends dismissing Jackson's complaint without prejudice and denying his remaining pending motions as moot. ECF 17. Jackson objects, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo those portions of the Recommendation to which Jackson objects.

The complaint alleges a state trial judge, Alison Burleson, violated Jackson's rights under the Fourteenth Amendment's Due Process Clause and Equal Protection Clause by failing to address a motion for a supersedeas of Jackson's sentence and assess a bond amount. *See id.* at 2–3. He seeks a declaratory judgment against Judge Burleson and an injunction against the Georgia Department of Corrections ordering his immediate release. *See id.* at 3. After Jackson filed his complaint, however, Judge Burleson addressed his motion for a supersedeas of sentence and granted one. ECF 13 at 4. Jackson contends he is entitled to a supersedeas bond and that Defendant Tyrone

Oliver, the Commissioner for the Georgia Department of Corrections, must release him from custody. *See e.g., id.* at 9.

The Magistrate Judge recommends dismissing the complaint because *Younger* abstention bars Jackson's claims. ECF 17 at 5–7. The Court agrees. In *Younger v. Harris,* 401 U.S. 37, 43 (1971), the United States Supreme Court mandated that district courts refrain from interfering with ongoing criminal prosecutions when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* The Court must look to the following elements to determine if *Younger* requires abstention: first, do the proceedings constitute an "ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). Here, criminal proceedings against Jackson remain active in state court, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings for Jackson to raise constitutional challenges.

"In *Younger,* the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). Jackson argues that all three exceptions to *Younger* abstention apply. *See* ECF 18, 19. But Jackson has not alleged facts showing the state proceedings were motivated by bad faith. *See Younger,* 401 U.S. at 48 (noting that bad faith prosecutions are brought with no intention of securing a conviction or with an

intention to harass); *see also Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009). Jackson makes no allegation that the prosecutions involved "the kind of impropriety envisioned by the first *Younger* exception."[1] *See Hubbard*, 358 F. App'x at 118.

Nor has Jackson alleged that irreparable injury will result from his continued confinement. Jackson argues his continued custody may result in irreparable injury because the conditions of his confinement are dangerous. *See e.g.*, ECF 18 at 8. To the extent Jackson wishes to challenge his conditions of confinement, however, he may, as the Magistrate Judge explained, pursue that challenge by filing a separate complaint under § 1983. *See* ECF 17 at 7 n.3.

In addition, Jackson has not shown that there is no adequate alternative state forum because Jackson may challenge the denial of a supersedeas bond in state court. *See Ingram v. Grimes*, 213 Ga. 652, 653–54, 100 S.E.2d 914 (Ga. 1957). Though Jackson argues the state forum has delayed exercising judgment, he has not shown the state forum is inadequate or unavailable.

The Court also notes that Jackson brings his suit under § 1983, but it closely resembles a habeas claim. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). It appears to the Court that Jackson's complaint, challenging his current confinement, more appropriately lies in

---

[1] Jackson argues bad faith motivated the state court's ruling on the supersedeas, bond denial posture, and 20-year sentence because, at sentencing, Judge Burleson said, "If I get word that you made good and you make sure that house is transferred, I will consider a motion to modify the 20 years imprisonment." ECF 18 at 5, 9. But this comment does not show that the state proceedings were motivated by bad faith as contemplated by *Younger*.

-4-

habeas. Indeed, Jackson's later motions characterize his requested relief as requests for habeas relief. *See* ECF 22, 23, 24. To the extent Jackson wishes to pursue habeas relief, he may file a federal habeas petition after satisfying applicable exhaustion requirements.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 17) is **ADOPTED** and made the Order of the Court. Accordingly, Jackson's complaint (ECF 1) is **DISMISSED** without prejudice. Jackson's subsequent motions (ECF 2, 3, 4, 5, 6, 10, 11, 12, 15, 20, 21, 22, 24, 25, 26) are **DENIED** as moot.

**SO ORDERED**, this 10th day of March, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT